U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 27 2008
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PAUL JUDSON MILES, JR., §
    Petitioner, §
 §
v. §
 § CIVIL ACTION NO. 4:07-CV-255-A
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
    Respondent. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Paul Judson Miles Jr., TDCJ-ID #665341, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Childress, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, Miles challenges his 1994 state court conviction for aggravated

sexual assault of a child in cause no. 9805 out of the District Court of Palo Pinto, Texas. (State Habeas R. at 37) He did not directly appeal his conviction. (Petition at 3) He filed a relevant state application for writ of habeas corpus on March 16, 2006, which was denied without written order by the Texas Court of Criminal Appeals on June 28, 2006. *Ex parte Miles*, Application No. WR-62,332-02 at cover. Miles filed this federal petition for writ of habeas corpus in the Wichita Division on April 25, 2007, and transferred to this division.[1] Pursuant to court order, Quarterman has filed a preliminary response and supplemental answer with supporting briefs and documentary exhibits addressing only the issue of limitations, to which Miles has not replied.

## D. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] Typically, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing, however Miles does not indicate in his petition the date he placed the pleading in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Because Miles's 1994 state court conviction became final prior to the effective date of the AEDPA, his federal petition for habeas relief challenging the conviction was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Miles's state habeas application filed after the federal limitations period had already expired does not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Miles asserted a valid reason for his failure to file his petition in a timely manner, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Miles's federal petition filed on April 25, 2007, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Miles's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 17, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 17, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 27, 2008.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE